UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JOSEPH RICHARDSON                         CIVIL ACTION

VERSUS                                    NO: 07-2999

BURL CAIN, WARDEN, LSP                    SECTION: R(4)


**ORDER AND REASONS**

Before the Court is Joseph Richardson's Motion for Relief From a Final Judgment under Federal Rule of Civil Procedure 60(b)(6).[1]  Because the Court finds that Richardson has not established exceptional circumstances justifying relief, Richardson's motion is DENIED.


**I.   BACKGROUND**

Richardson is an inmate at the Louisiana State Penitentiary in Angola, Louisiana.  He is serving a sentence of 20 years hard labor imposed by the Orleans Parish Criminal District Court on July 27, 2001, after a jury found him guilty of one count of simple burglary in violation of La. Rev. Stat. § 14:62.  After exhausting his state remedies, Richardson, through counsel,

---

[1]   (R. Doc. 24.)

petitioned this Court on June 25, 2007 for a writ of habeas corpus under 28 U.S.C. § 2254.[2]  On April 1, 2010, the Magistrate Judge recommended that Richardson's petition be dismissed with prejudice.[3]  Richardson did not file an objection within 14 days as required by 28 U.S.C. § 636(b)(1), and, on May 3, 2010, the Court approved the Magistrate Judge's Report and Recommendation and adopted it as its own opinion.[4]  Judgment was entered on May 10, 2010.[5]  Richardson now moves for relief from the final judgment entered against him.[6]

Richardson claims that, after his petition was filed, he wrote numerous letters to his attorney, Julie Tizzard, inquiring about the disposition of his case.[7]  Richardson states that he first wrote Tizzard in late June 2008, although he does not submit a copy of the letter.[8]  Richardson does provide two letters, one to Tizzard,[9] and one to the Clerk of Court, both

---

[2]   (R. Doc. 3.)

[3]   (R. Doc. 21.)

[4]   (R. Doc. 22.)

[5]   (R. Doc. 23.)

[6]   (R. Doc. 24.)

[7]   (R. Doc. 24-1 at 2.)

[8]   (*Id.* at 2.)

[9]   (R. Doc. 24-2. at 8.)

2

dated December 21, 2008.  In those letters, Richardson requested information regarding the status of his petition.[10]  Tizzard, through Shanna Butler, her office manager, responded on December 30, 2008 that "when the United States District Court will rule on your case is entirely up to them."[11]  The Clerk of Court responded on January 6, 2009 by sending Richardson a copy of the docket report in his case.[12]

Richardson wrote a second letter to the Clerk of Court dated June 25, 2009.[13]  On July 1, 2009, the Clerk of Court responded, stating that Richardson's case was pending and that his attorney would be notified of any action taken by the Court.[14]  Richardson also attaches a July 2, 2009 response from Tizzard's office informing Richardson that Tizzard had received his recent letter and that there had been no ruling on his petition.[15]  The letter also stated that Richardson would receive "a copy of everything as soon as I get it."[16]  On February 19, 2010, Tizzard wrote

---

[10]    (*Id.* at 8, 11.)

[11]    (*Id.* at 9.)

[12]    (*Id.* at 19.)

[13]    (*Id.* at 13.)

[14]    (*Id.* at 13-14.)

[15]    (*Id.* at 6.)

[16]    (*Id.*)

Richardson, enclosing a docket report and the Court's order transferring the case to Magistrate Judge Roby.[17]

Richardson claims to have written Tizzard again in late September 2010.[18]  He further contends that, on October 4, 2010, Tizzard forwarded him a copy of the Court's adoption of the Magistrate Judge's Report and Recommendation and the final judgment, which had been entered against him five months earlier on May 10, 2010.[19]  Neither of those letters is included in Richardson's motion.  Finally, Richardson submits an unsigned letter to Tizzard, dated October 18, 2010, in which he inquires why no objections to the Report and Recommendation were filed.[20]

## II.   STANDARD

A district court has broad discretion to grant or deny a motion under Rule 60(b).  *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998).  Under Rule 60(b), a court will grant relief from a final judgment or order only upon a showing of one of:

---

[17]   (*Id.* at 25.)

[18]   (R. Doc. 24-1 at 3.)

[19]   (R. Doc. 23; R. Doc. 24-1 at 3.)

[20]   (R. Doc. 24-2 at 30-31.)

4

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).  The burden of establishing at least one of these reasons is on the moving party, and the determination of whether that burden has been met rests with the discretion of the Court.  *See Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).


**III. DISCUSSION**

Relying on Rule 60(b)(6), Richardson seeks relief from the judgment to allow him to file objections to the Magistrate Judge's Report and Recommendation, claiming that his attorney did not provide him with a copy of the Report and Recommendation and that she should have filed objections thereto.  "Rule 60(b)(6)

5

provides that a court may act to relieve a party from a final judgment for 'any other reason justifying relief from the operation of the judgment.'" *Hess v. Cockrell*, 281 F.3d 212, 215 (5th Cir. 2002) (quoting Fed. R. Civ. P. 60(b)(6)). "[C]lause (6) is a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses." *FDIC v. Yancey Camp Development*, 889 F.2d 647, 648 (5th Cir. 1989). Rule 60(b)(6) motions, however, will be granted "only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216.

Although the Fifth Circuit has not addressed the issue, "courts in some circumstances have found that an attorney's gross negligence can qualify for relief under Rule 60(b)(6)." *Gurganus v. Cain*, 2010 WL 2010489, at *2 (E.D. La. 2010) (citing *Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004)); *see also Boughner v. Sec. of Health, Education & Welfare*, 572 F.2d 976, 978-79 (3d Cir. 1978) (finding extraordinary circumstances and granting Rule 60(b)(6) relief because defendant's attorney engaged in a pattern of failing to oppose motions for its client); *L.P. Steuart, Inc. v. Matthews*, 329 F.2d 234, 235 (D.C. Cir. 1964) (holding that the district court did not abuse its discretion in granting a Rule 60(b)(6) motion based on appellee's former counsel's failure to prosecute). *But see Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir.

1986) (recognizing that "some courts" have embraced the view that Rule 60(b)(6) relief can be granted based on gross negligence but noting that the Second Circuit has "consistently indicated a reluctance to do so").  Even assuming for the sake of argument that gross negligence would entitle Richardson to relief, he has provided no evidence of gross negligence on the part of his attorney.  To the contrary, the letters that Richardson submitted from Tizzard show that Tizzard responded to Richardson's inquiries in a timely manner and provided him with accurate information.[21]  While Richardson claims that Tizzard did not provide him with a copy of the Court's order until October 4, 2010, six months after the Magistrate Judge issued the Report and Recommendation, it is conspicuous that Richardson did not include Tizzard's final piece of correspondence along with his motion. Nor has Richardson provided an affidavit in support of his account of the events.  Other than Richardson's own unsigned, self-serving letter to Tizzard,[22] Richardson has provided no evidence whatsoever as to when or how he received either the Report and Recommendation or the Court's order dismissing his petition.

---

[21]   (R. Doc. 24-2 at 6, 9.)

[22]   (R. Doc. 24-2 at 30-31.)

Further, that Richardson did not receive a copy of the
Report and Recommendation does not, by itself, entitle him to
relief.  Richardson was represented by counsel at the time the
Magistrate Judge issued the Report, and, typically, "the
defendant is deemed bound by the acts of his lawyer-agent and is
considered to have notice of all facts, notice of which can be
charged upon the attorney." *Gonzalez v. United States*, 553 U.S.
242, 248 (2008).  Nor does Tizzard's failure to file objections
establish gross negligence.  Tizzard may have determined, after
reviewing the Report and Recommendation, that any such objections
would have been frivolous. *See Farmer v. McBride*, 177 F. App'x
327, 333 (4th Cir. 2006) (finding that attorney abandonment did
not excuse failure to object to the magistrate judge's report and
recommendation because it appeared that appellant's attorney
"made a reasonable choice not to pursue the issue").  Indeed,
Richardson does not suggest any ground for objection that would
suggest he has been prejudiced by Tizzard's alleged negligence.
Further, unlike an attorney representing a criminal defendant on
direct appeal, Tizzard was not required to follow the procedures
established in *Anders v. California*, 386 U.S. 738 (1967)
(requiring an appointed attorney who finds an appeal frivolous to
file a brief identifying anything in the record that could
arguably support appeal before withdrawing), if she determined

8

that Richardson's claims were not meritorious, as there is no Sixth Amendment right to counsel in post-conviction proceedings. *Cf. Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (holding that a defendant has no federal constitutional right to counsel when attacking a final conviction); *see also Irving v. Hargett*, 59 F.3d 23, 26 (5th Cir. 1995) ("Because a petitioner does not have a constitutional right to counsel in post-conviction habeas proceedings, it follows that a petitioner cannot claim ineffective assistance of counsel in such proceedings.") (citing *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)).  Accordingly, the Court finds that Richardson has not shown "exceptional circumstances" that would justify relief under Rule 60(b)(6).

## IV.  CONCLUSION

For the foregoing reasons, Richardson's motion for relief from final judgment is DENIED.

New Orleans, Louisiana, this 4th day of April, 2011.

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE